**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

RHEA K. MAHONEY,                          1:21-cv-12726-NLH-MJS

            Plaintiff,        **MEMORANDUM OPINION & ORDER**

    v.

HARRAH'S ATLANTIC CITY
OPERATING COMPANY, LLC,

           Defendant.

---

**APPEARANCES:**

HENRY L. DONER
LAW OFFICES OF DONER & CASTRO
540 N. ROUTE 73
W. BERLIN, NJ 08091

   *On behalf of Plaintiff*

CHRISTINE JOAN VIGGIANO
REILY, McDEVITT & HENRICH, PC
3 EXECUTIVE CAMPUS - SUITE 310
CHERRY HILL, NJ 08002

   *On behalf of Defendant*

**HILLMAN**, District Judge

On June 17, 2021, Defendant, Harrah's Atlantic City
Operating Company, LLC, removed Plaintiff's case from New Jersey
Superior Court to this Court.  Defendant's notice of removal
stated that this Court has jurisdiction over this matter based
on 28 U.S.C. § 1332(a) because the parties have diverse

citizenship and the matter in controversy exceeds the sum or

value of $75,000, exclusive of interest and costs.

Defendant's notice of removal averred that Plaintiff is a

citizen of Pennsylvania, and Defendant is a citizen of Delaware

and Nevada.  Defendant's notice of removal further averred:

> 13. Plaintiff seeks to recover $100,000, exclusive of
> interest and costs, in this matter, as
> Plaintiff has indicated in her written statement of
> damages.

(Docket No. 1 at 3.)

On September 21, 2021, Plaintiff filed a "Proposed Order to

Remove From Federal Court," which was signed by both Plaintiff

and Defendant.  (Docket No. 11.)  The stipulation provides that

Plaintiff has now agreed that her damages do not exceed $75,000.

The stipulation further provides that the matter shall be

removed from the District Court of New Jersey and remanded to

the Superior Court of New Jersey.

The parties' stipulation in an effort to remand the matter

is without force.  A "post-removal agreement to the remand of

the case to state court does not provide the mechanism for

remand.  The parties cannot unilaterally consent to the remand

of the case when this Court had at the time or removal, and

continues to have, subject matter jurisdiction over the action."

McNally v. Waterford Township, 2019 WL 6117728, at *2 (D.N.J.

Nov. 18, 2019).  Similar efforts by parties to return to state

court are also ineffectual when subject matter jurisdiction has

been established in this Court.  See Radbill v. Petsmart, Inc.,

2020 WL 2112167, at *1 (D.N.J. 2020) (finding without force the

parties' "Stipulation Capping Plaintiffs' Claimed Damages and

Remanding Case to the Superior Court Of New Jersey, Camden

County," which provided that the plaintiffs agreed to cap their

damages below $75,000, and incorrectly contended that the court

no longer had subject matter jurisdiction due to their

stipulation); McNally, 2019 WL 6117728, at *2 (where the parties

filed a proposed consent order to remand based on the

plaintiff's post-removal amended complaint that dismissed his

federal claim, which was the basis for subject matter

jurisdiction, finding that the dismissal of the federal claims

and their agreement to remand did not provide a valid mechanism

to remand the matter to state court because subject matter

jurisdiction existed under 28 U.S.C. § 1367(a)) (citing Duffy v.

Absecon Police Department, 2019 WL 5265322, at *1 (D.N.J. Oct.

17, 2019) (citing Tom's Landscaping Contractors, LLC v. Ernest

Bock & Sons, Inc., 2018 WL 5294510, at *2 (D.N.J. 2018))

(declining to endorse the parties' "Consent Order Permitting

Plaintiff to File Amended Complaint and For Remand of Entire

Action to State Court," where the amended complaint would add a

non-diverse party, because the filing of the plaintiff's amended

complaint would not defeat subject matter jurisdiction if such

jurisdiction existed at the time the defendant removed

plaintiff's original complaint) (citing Mollan v. Torrance, 22

U.S. 537, 539 (1824), quoted in Grupo Dataflux v. Atlas Global

Grp., L.P., 541 U.S. 567, 570 (2004) ("It has been long and

well-established that in determining whether a federal court may

exercise jurisdiction based upon diversity of citizenship, the

court must look to 'the state of things at the time of the

action brought.'"); St. Paul Mercury Indem. Co. v. Red Cab Co.,

303 U.S. 283, 294-95 (1938) ("It uniformly has been held that in

a suit properly begun in the federal court the change of

citizenship of a party does not oust the jurisdiction.  The same

rule governs a suit originally brought in a state court and

removed to a federal court.")); id., 303 U.S. at 292-93

(announcing long ago that "the plaintiff after removal, by

stipulation, by affidavit, or by amendment of his pleadings,

reduces the claim below the requisite amount, [] does not

deprive the district court of jurisdiction," and further

reiterating that "events occurring subsequent to removal which

reduce the amount recoverable, whether beyond the plaintiff's

control or the result of his volition, do not oust the district

court's jurisdiction once it has attached").

    This Court has previously explained, "two things are

equally true.  This is a court of limited jurisdiction.  It must

not exercise its considerable power beyond the scope of its

authority as conferred by the Constitution and statute.

However, it is equally so that this Court has an unflagging

obligation to maintain its jurisdiction, once conferred."

Farren v. FCA US, LLC, 2018 WL 372168, at *3 (D.N.J. 2018).

Because Plaintiff has not challenged the procedural propriety of

the removal, the Court properly maintains subject matter

jurisdiction over the action under 28 U.S.C. § 1332(a) - at the

time of removal there was diversity of citizenship between

Plaintiff and Defendant, and the amount in controversy exceeded

$75,000.  It is Plaintiff's prerogative to limit the damages she

seeks at any time, but a change in that position after a proper

removal does not divest the Court of subject matter jurisdiction

over her case.

    Consequently, Defendant's representation that it will agree

to remand[1] based on Plaintiff's post-removal stipulation as to

damages is ineffectual.[2]  The matter shall proceed in due course.

---

[1] Parties may not confer subject matter jurisdiction by consent,
Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 396
(3d Cir. 2004), and they cannot divest subject matter
jurisdiction by consent, St. Paul Mercury Indem. Co., 303 U.S.
at 292-93.

[2] As the Court noted in Farren, 2018 WL 372168, at *3 n.2,
neither Plaintiff nor Defendant are prisoners of the federal
court if they would rather return to state court.  The parties
may follow Fed. R. Civ. P. 41(a)(1)(A), which provides that
after a defendant has filed an answer, which Defendant did here
on June 25, 2021 (Docket No. 4), a plaintiff may dismiss its
action without a court order by filing a stipulation of
dismissal signed by all parties.  If it is the first dismissal,

SO ORDERED.


Date: September 29, 2021              s/ Noel L. Hillman
At Camden, New Jersey         NOEL L. HILLMAN, U.S.D.J.

---

the rule expressly provides that dismissal is without prejudice.
Fed. R. Civ. P. 41(a)(1)(B).  Thereafter, to the extent allowed
by state law, Plaintiff may refile her action in state court.